Filed 11/12/15  P. v. Sanchez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B259917 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA079520) |
| v. | |
| RICHARD SANCHEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Affirmed.

Donna Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

On the night of January 28, 2014, several men, including Bruce Wee, were drinking alcohol together in a parking lot in Los Angeles. Richard Sanchez approached, identified himself as a local gang member and punched Wee in the face, fracturing his nose. Sanchez then attacked three other men, hitting and kicking them until they were bleeding. Police officers arrived, and as they were taking Sanchez into custody, he screamed his gang affiliation.

Sanchez was charged in an amended information with having committed assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) against Wee (count 1) and three "John Doe" victims (counts 3, 4, 5) and battery with serious bodily injury (Pen. Code, § 243, subd. (d)) against Wee (count 2). The information specially alleged as to the aggravated assault charge against Wee that Sanchez had personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)). As to all charges the information further alleged that Sanchez had committed the offenses for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)) and had served six separate prison terms for felonies (Pen. Code, § 667.5, subd. (b)).

Sanchez moved under Evidence Code section 1043 and *Pitchess v. Superior Court* (1974) 11 Cal.3d 53 for review of the personnel records of the arresting officers. The trial court granted the motion as to any records reflecting complaints of false reports, reviewed the requested records in camera and found no discoverable information.

Soon after the jury trial commenced, the trial court granted the People's motion to dismiss count 5 for aggravated assault in the interest of justice (Pen. Code, § 1385.) The jury convicted Sanchez of aggravated assault and aggravated battery against Wee, but was deadlocked on the remaining counts of aggravated assault and the court declared a mistrial. The court subsequently dismissed those counts on the People's motion.

In a bifurcated proceeding, Sanchez admitted the prior prison term enhancements. However, the trial court found them invalid and ordered them dismissed because Sanchez had been free from prison custody for over five years.

The trial court sentenced Sanchez to an aggregate state prison term of 11 years, consisting of the upper term of four years for aggravated assault, plus three years for the

2

great bodily injury enhancement and four years for the gang enhancement. Sentencing on the remaining count of aggravated battery was stayed pursuant to Penal Code section 654. Sanchez timely filed a notice of appeal.

We appointed counsel to represent Sanchez on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On May 5, 2015, we advised Sanchez he had 30 days within which to personally submit any contentions or issues he wished us to consider. After granting Sanchez an extension of time to file his supplemental brief, we have received no response.

We have examined the entire record and are satisfied Sanchez's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


ZELON, Acting P. J.


We concur:



SEGAL, J.



BECKLOFF, J.[*]

---

[*]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3